IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONY N. JONES, #112734,  :

    Plaintiff,  :

vs.  :  CIVIL ACTION 09-0835-CG-M

GRANTT CULLIVER, et al.,  :

    Defendants.  :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983 together with a Motion to Proceed Without Prepayment of Fees. (Docs. 1 & 3). Plaintiff's action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After carefully screening Plaintiff's Amended Complaint (Doc. 20), it is recommended that the claims against Defendants Culliver, Patterson, Folk, and Hicks be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; that the claims against Defendants White, Thomas, and Marks be dismissed without prejudice for lack of venue; and that the request for a preliminary injunction be denied as moot. A separate order will be entered requiring that the waiver documents be sent to Defendants remaining in this action.

I. Nature of Proceedings.

Plaintiff initiated this action by filing a Complaint alleging violations 42 U.S.C. § 1983. (Doc. 1). In an Order dated February 22, 2010 (Doc. 15), Plaintiff was directed to file an Amended Complaint because his original Complaint and Motions to Amend (Docs. 2 & 14) were not a "short and plain statement" as required by Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff was ordered to include all of his claims in his Amended Complaint so no further amendments would be needed, and he was advised that his Amended Complaint would supersede his original Complaint as amended. (Doc. 15 at 2). In response, Plaintiff filed the instant Amended Complaint. (Doc. 20). In his Amended Complaint, Plaintiff names as Defendants Dr. Robert Barnes, Dr. Negash Tesemma, Holman Prison Hospital's Secretary Donny Myers, Warden Grantt Culliver, Warden Patterson, Deputy Warden Folk, Nurse Sylvia Hicks, Dr. Joseph White, Nurse Practitioner Thomas, and Nurse Marks. (Id. at 5-6, 9-14).

Plaintiff's allegations are chiefly concerned with the adequacy of the medical treatment for an ulcer and for hemorrhoids. (Id.). Plaintiff claims that he sought unsuccessfully to be referred to specialists for these conditions so the severity of his conditions and the need for more aggressive treatment, such as surgery for his hemorrhoids and an antibiotic to cure his peptic ulcer, could be determined. (Id. at 4, 8). He further maintains that Defendants refused to re-

prescribe Tylenol #3 for him, thereby leaving him in pain daily from these conditions. (Id. at 8).

Plaintiff claims that Defendant Culliver was the warden at Holman Correctional Facility ("Holman") during the time from July 14, 2009 to December 4, 2009 and beyond (Id. at 4), was "responsible for the overall operation of . . . Holman Prison . . . was the person who train[ed] and supervise[d] all . . . subordinates . . . at Holman Prison. Defendant Culliver was warn[ed] by Plaintiff twice through letters yet refused to take corrective measures or action to [advise] his employees [of] Plaintiff['s] problems." (Id. at 9). Plaintiff describes his claims against Defendant Culliver as being for negligence and conspiracy. (Id.).

Defendant Patterson is alleged to have replaced Defendant Culliver as warden. Therefore, Plaintiff charges that he, too, is "responsible for the overall operation of" the prison and "is the person who train[s] and supervise[s] all...subordinates." (Id. at 9-10). He also "was warn[ed] by Plaintiff by letter and refused to corrective measures to rectify the problem with his employees [concerning] Plaintiff['s]. . . medical issues." (Id. at 10).

Defendant Folk was the associate warden in charge of security at Holman during this time. (Id.) In this position he provided "security custod[]y, care, control and medical care for

prisoners, and transportation for prisoners['] outside medical appointments." (Id.).

Defendant Hicks was the chief administrative head nurse during this time and was responsible for "the overall operation [of] Holman Prison Hospital [and] supervising all her subordinate nurses, and the person responsible for all grievance responses, ...all in[-]house medical operations, appointment[s with the prison doctor and arranging] outside medical appointments." (Id. at 11-12).

Defendants White, Thomas, and Marks are alleged to be a doctor, nurse practitioner, and head administrative nurse, respectively, at St. Clair Correctional Facility ("St. Clair") where Plaintiff was transferred from Holman. (Id. at 13-14). His claims against these St. Clair medical personnel appear to be of a similar vein but are pled in an extremely brief, conclusory, and vague manner.

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing the Amended Complaint (Doc. 20) under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

In order to state a claim upon which relief can be granted, there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 126 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible. Id. at ___, 129 S.Ct. at 1949.

Plausibility requires more than the possibility that the defendant engaged in unlawful conduct. Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. at ___, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)(requiring the statement of the claim to show that the pleader is entitled to relief)). Moreover, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at ___, 129 S.Ct. at 1949.

The Court shows leniency to a pro se litigant's allegations. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). However, "this leniency does not give a court license to serve as de facto counsel for [plaintiff] or to rewrite an otherwise deficient pleading in order to sustain an action." Id. Notwithstanding, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Analysis.

    A. Correctional Defendants Located at Holman.

        1. Defendant Culliver.

The Court is turning its attention first to Defendants Culliver, Patterson, and Folk who are correctional officials located at Holman. Plaintiff alleges that Defendants Culliver and Patterson are responsible for the overall operation of the institution as well as for the training and supervising of subordinates. A claim that seeks to impose liability against a person because the person is responsible for the overall operations of the institution attempts to hold that person liable for the acts of a subordinate. In a § 1983 action, a person

6

cannot be held liable for an employee's or subordinate's acts. Section 1983 imposes liability only when one person causes injury to another. Monell v. Department of Social Services, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). That is, a defendant cannot be held liable on the basis of respondeat superior or vicarious liability for the constitutional violation that is caused by another when there is no showing of a causal connection between the actions of the defendant and the constitutional violation. Id. at 691, 98 S.Ct. at 2036.

"Supervisory liability . . . occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). "[A] plaintiff must plead . . . that through the official's own individual actions[] he has violated the Constitution." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1948; see Kilgo v. Ricks, 983 F.2d 189, 194 (11th Cir. 1993)(dismissing as frivolous the claims against the commissioner because the complaint did not allege any participation in the objectionable conduct or a department policy of refusing to provide prisoners medical treatment). Furthermore, "[t]he standard by which a supervisor is held liable in [his] individual capacity for actions of a subordinate is extremely rigorous." Gonzalez, 325

F.3d at 1234. And, regarding a claim based on training or supervision, a plaintiff must establish that the failure to train or supervise was the moving force behind the deprivation of a constitutional right. City of Canton, Ohio v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989); Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998)

Plaintiff's claim against Defendant Culliver based on his responsibility for the overall operations of the prison fails to state a claim upon which relief can be granted because it is seeks to hold defendant Culliver liable on a respondeat superior basis. Monell, supra. And, in regard to Plaintiff's other claims against Defendant Culliver, they do not contain allegations that present a plausible claim. Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. Plaintiff merely mentions that Defendant Culliver is responsible for training and supervising. He does not identify whom Defendant Culliver trains or supervises, nor the specific failure in his training and supervising, and that the failure caused a constitutional deprivation to Plaintiff. Furthermore, Plaintiff's claim against Defendant Culliver based on the receipt of two letters that contained an unidentified warning, and then Defendant Culliver's failure to correct or advise unidentified subordinates lacks plausibility.

These claims against Defendant Culliver lack plausibility because the information is insufficient so as not to allow the

Court to draw the conclusion that Defendant Culliver is responsible for conduct that violates Plaintiff's constitutional rights. Furthermore, the facts to provide plausibility are of greater necessity in this instance due to Defendant Culliver being a correctional officer and the underlying claim being for inadequate medical treatment, an area that is typically beyond a warden's expertise and handled by a contract medical provider. Accordingly, these claims against Defendant Culliver are due to be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff also charges Defendant Culliver with conspiracy. (Doc. 20 at 9). In regard to the conspiracy allegation, no other person's name is mentioned as having conspired with Defendant Culliver and no factual support is given for the conspiracy. Plaintiff simply asserts that there was a conspiracy. Whereas, in order to state a conspiracy claim, Plaintiff is required to show "evidence of agreement between defendants" to violate his rights. Rowe v. Ft. Lauderdale, 279 F.3d 1271, 1284 (11th Cir. 2002). To show an agreement Plaintiff is required to provide more than a label or a conclusion. Twombly, 550 U.S. at 555, 127 S.Ct. at 1965. He must raise his right to relief above the speculative level and show sufficient facts to suggest an agreement was made. Id. at 556, 127 S.Ct. at 1965. Inasmuch as Plaintiff has not alleged any facts showing that an agreement was

9

reached to violate his constitutional rights, the Court finds that the conspiracy claim against Defendant Culliver fails to state claim upon which relief can be granted.

        2. <u>Defendant Patterson</u>.

Plaintiff's claims against Defendant Patterson are similar to the claims against Defendant Culliver except for the absence of a conspiracy allegation. Apparently, Defendant Patterson replaced Defendant Culliver on an unspecified date. It is not known whether he was warden at the time of Plaintiff's problems although Plaintiff states that he warned Defendant Patterson by letter and no corrective action was taken. Plaintiff's allegations that Defendant Patterson is responsible for the overall operations of the prison and for training and supervising mirror the allegations against Defendant Culliver. Therefore, the above reasoning concerning the claims against Defendant Culliver is applicable to the claims against Defendant Patterson and these claims are due to be dismissed for failure to state a claim upon which relief can be granted.

        3. <u>Deputy Warden Folk</u>.

The other correctional Defendant is Deputy Warden Folk whom Plaintiff states was the associate warden at the time of his medical problems. Even though Plaintiff alleges that Defendant Folk is the associate warden for security, care, medical care and transportation to medical appointments to the "free-world," he

does not allege any type of deprivation connected the allegations against Defendant Folk. Thus, Plaintiff has failed to state a claim against Defendant Folk. See Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981)(to state a claim under 42 U.S.C. § 1983, the conduct of a person who acts under color of state law must have "deprived a person of rights, privileges, or immunities secured by the Constitution"), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986).

    B. Nurse Sylvia Hicks.

Defendant Hicks is alleged to be "chief administrative head nurse" who was responsible for "the overall operation [of] Holman Prison Hospital [and] supervising all her subordinate nurses, and the person responsible for all grievance responses, ... all in[-]house medical operations, appointment[s with the prison doctor and arranging] outside medical appointments." (Id. at 11-12). Like the claims against the wardens, Defendants Culliver and Patterson, the claim against Defendant Hicks seeks to hold her liable for the actions of her subordinates. This type of liability that is based on respondeat superior is not recognized under § 1983. See Monnell, supra. Furthermore, no failure on Defendant Hicks' part is alleged, nor is the Court able to discern such a failure that is consistent with the facts as alleged. Accordingly, the Court finds that Plaintiff has failed

to allege a plausible claim against Defendant Hicks and therefore has failed to state a claim upon which relief can be granted against her.

C.  Medical Defendants Located at St. Clair.

Turning to the medical personnel who are located at St. Clair Correctional Facility ("St. Clair") in the Northern District of Alabama, Defendants White, Thomas, and Marks, venue for the claims against them is lacking in this District. The proper venue is in the District where Defendants White, Thomas, and Marks reside and the claims against them arose. See 28 U.S.C. § 1391(b); New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). Plaintiff was transferred to St. Clair (Doc. 13) from Holman (and is now at Donaldson Correctional Facility ("Donaldson") (Doc. 23)). Therefore, adequate time is available for him to file an action in the Northern District, before the two-year statute of limitations for filing § 1983 claims expires, for any deprivations caused by these Defendants. 28 U.S.C. § 1406(a) (providing for the dismissal of an action where venue is improperly laid because the action is filed in the wrong district);[2] see Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108

---

[2]The recommendation of dismissal of the claims arising in the Northern District of Alabama operates as notice to Plaintiff to file any objections to this disposition of these claims at this time. Harris v. Hickey, 2009 WL 1381404, at *1 (N.D. Fla. 2009) (unpublished).

(11th Cir.) (statute of limitations), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

   D. Preliminary Injunction.

   Among Plaintiff's requests for relief is a request for a preliminary injunction against each of the named Defendants. Plaintiff seeks to have them cease their medical misconduct and to provide him with proper care by providing an outside specialist and giving him on the pain relievers until he is cured. (Doc. 20 at 14, 22). This request for a preliminary injunction is due to be denied as moot because Plaintiff is presently incarcerated at Donaldson away from Defendants who work at Holman and Defendants who work at St. Clair.

   In a § 1983 action filed by a prisoner, a request for injunctive and declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.1988) ("[t]his court has clearly stated the following: Absent class certification, an inmate's claim for injunctive and declaratory relief in a § 983 action fails to present a case or controversy once the inmate has been transferred."), cert. denied, 488 U.S. 1046 (1989). Moreover, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." Adler v. Duval County School Bd., 112 F.3d 1475, 1477 (11th Cir.1997). For that reason, "[w]hen the threat of future harm dissipates,

the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." Id. Accordingly, the Court finds that Plaintiff's request for a preliminary injunction is moot.

IV. Conclusion.

Based upon the foregoing reasons, it is recommended that the claims against Defendants Culliver, Patterson, Folk, and Hicks be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; that the claims against Defendants White, Thomas, and Marks be dismissed without prejudice for lack of venue; and that the request for a preliminary injunction be denied as moot.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's

Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 29th day of April, 2010.

<u>s/BERT W. MILLING, JR.</u><br>
UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).