IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONY N. JONES,            :

    Plaintiff,            :

vs.                          :   CIVIL ACTION 09-0835-CG-M

GRANTT CULLIVER, et al.,     :

    Defendants.           :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Plaintiff's action is before the Court on Plaintiff's Motion for a Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction ("Motion") (Docs. 30, 31). After careful consideration, it is recommended that the Motion be denied.

In Plaintiff's § 1983 Amended Complaint (Doc. 20), he complains about the medical care that he was receiving for his ulcer and hemorrhoids at Holman Correctional Facility ("Holman") and at St. Clair Correctional Facility ("St. Clair"). The Amended Complaint's Defendants work at either Holman or St. Clair. After screening the Amended Complaint (Doc. 20), it was recommended that some of the Holman Defendants be dismissed for failure to state a claim against them upon which relief can be

granted and that all of the St. Clair Defendants be dismissed for lack of venue.  (Doc. 25).  Holman Defendants who were not recommended for dismissal were Dr. Robert Barnes, Nurse Donny Myers, and Dr. Negash Tesemma.  In the recommendation it was also recommended that Plaintiff's request for a preliminary injunction in the Amended Complaint (Doc. 20 at 14, 22) be denied as moot because Plaintiff was located at Donaldson Correctional Facility ("Donaldson") away from Defendants who were located at other institutions. (Doc. 25 at 13-14).

Regardless of this prior recommendation of dismissal of the injunctive relief request based on mootness, Plaintiff filed the present Motion (Docs. 30, 31).  In the present Motion for injunctive relief, Plaintiff seeks to receive proper medical care "for several ailments, i.e. his [stomach ulcer, which is 'acute,' flairing and soaring hemorrhoids problems and a grotesque pain and small swelling on his left testicle] that's also triggering 'tingling' up the crease of buttocks and at his very [anus] wherein plaintiff is presently being denied appropriate medical care."  (Doc. 30 at 1).  Plaintiff chiefly recounts the medical treatment at Holman by Defendants Dr. Barnes[1] and Dr. Tesemma in the Motion (Docs. 30, 31) and briefly

---

[1] Plaintiff has informed the Court that Dr. Barnes resigned his position at Holman in August, 2009, and was replaced by Dr. Tesemma.  (Doc. 30 at 2; Doc. 31).   Based on other prisoner

2

mentions Defendant Dr. White at St. Clair (Doc. 31). When Plaintiff signed this Motion, he indicated that he was incarcerated at Donaldson. (Doc. 30 at 19). The Court checked the Alabama Department of Corrections' website and verified that Plaintiff is still incarcerated at Donaldson.

Controlling Plaintiff's Motion is his transfer to Donaldson away from the conditions about which he complains at Holman and at St. Clair. "Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief[.]" Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). "Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.) (citing Wahl, supra,), cert. denied, 488 U.S. 1046 (1989); see Hathcock v. Cohen, 287 Fed. Appx. 793, 798 (11th Cir. July 23, 2008) (unpublished) (same).[2]

---

actions on the Court's docket, the Court is aware that Dr. Barnes is no longer at Holman.

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

3

In Spears, an Alabama prison inmate complained about West Jefferson's administrative segregation's conditions of confinement. After filing his complaint, the inmate was transferred from West Jefferson to another facility. As a result, the inmate's claims for injunctive and declaratory relief were found to be moot because he was no longer subject to the conditions at West Jefferson about which he complained. Id.

Because Plaintiff is no longer incarcerated at Holman or St. Clair, he is not subject to Defendants Dr. Barnes's, Dr. Tesemma's and Dr. White's medical treatment of his conditions. Accordingly, Plaintiff's Motion is moot, and it is recommended that Plaintiff's Motion be denied.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's

Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transc[4]ript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 2nd day of August, 2010.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE

---

[3]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).